# Wytheville.

RICHMOND STANDARD STEEL, SPIKE AND IRON COMPANY· *v.*
DININNY.

June 14, 1905.

1. FOREIGN CORPORATIONS—*Personal Liability of Officers—Code, Secs.*
1104, 1105—*Attachments.*—The provisions of section 1105 of the
Code, making officers, agents and employees of foreign corporations
personally liable for the debts of such corporations as fail to
comply with the provisions of section 1104, requiring them to
have an office in this State, where claims of residents may
be audited, and to designate a resident agent upon whom process
may be served and who may enter an appearance for it, has no
application to officers, agents and employees who are non-residents
of the State and who have never been present in the State en-
gaged in carrying on the business of the company. Section 1105
was only intended to include such officers, agents and employees
as are, or have been, in this State aiding in carrying on the pro-
hibited business. An attachment, therefore, for a debt of a foreign
corporation which has failed· to comply with the provisions of
section 1104, will not lie against the property of the non-resident
president of such corporation, who was never a citizen or resident
of the State, nor present in the State carrying on the prohibited
business.

2. STATUTES—*Construction—Non-Residents.*—Statutes derive their force
and authority from the Legislature, and, as a necessary conse-
quence, their effect will be limited to the boundaries of the State.
Where any other construction is possible, a statute will not be so
construed as to impose liabilities upon non-residents over whom
the State has no jurisdiction, especially when such imposition, if
it could be enforced, would result in gross injustice.

Error to·a judgment of the Circuit Court of the city of Rich-

mond, in a proceeding by foreign attachment.    Judgment for the defendant.    Plaintiff assigns errror.

*Affirmed.*

The opinion states the case.

*Wm. L. Royall,* for the plaintiff in error.

*Coke & Pickrell* and *Wm. Crump Tucker,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a proceeding under section 1105 of the Code of 1887 against F. C. Dininny, Jr., president of the Chesterfield Coal Company, a foreign corporation, which had failed, as is claimed, to comply with section 1104 of that Code, which provides, among other things, that every foreign corporation doing business in this State shall have an office therein, in which all claims due residents of the State against such company may be audited, settled and paid; that such corporation shall, by a written power of attorney, appoint some person residing in this State its agent, upon whom all lawful process may be served, and who shall be authorized to enter an appearance for it; that such power and an authenticated copy of the charter of the corporation shall be delivered to the clerk of the court of the county or corporation wherein such office is located, who shall record the same and transmit copies thereof to the Secretary of the Commonwealth.

Section 1105 provides that "the officers, agents and employees of any such company doing business in this State without complying with the provisions of the preceding section shall be per-

sonally liable to any resident of the State having a claim against such company, and, moreover, service of process upon either of such officers, agents or employees shall be deemed a sufficient service on the company."

It is admitted that the defendant has at no time been a citizen or resident of this State, or present in the State engaged in carrying on the business of the company, but at the time this action was instituted he was, and is now, and has always been, a citizen and resident of the State of New York; and that this action was instituted, not by serving process upon him, but by attaching his property located in this State.

The first question to be considered and determined is whether or not the defendant, upon the facts agreed, comes within the provisions of section 1105. If he does, then every agent and employee of the company, no matter where they reside, are also within its provisions; for it is plain from the language of the section that the same liability is imposed upon the agents and employees of the company that is imposed upon its officers.

There are good reasons why the controlling officials of a foreign corporation who cause their company to carry on business in this State in violation of her laws should be made liable to her citizens for their claims against the company growing out of such business, if it could be done, although non-residents of the State; but there is no reason for making, and it would be the grossest injustice to attempt to make, liable the subordinate officers and the agents and employees of the company who did not reside in the State, and who were in no way responsible for their company's acts in this State. If the defendant is personally liable for the plaintiff's claim, and his property can be attached in this State and subjected to the satisfaction of the plaintiff's claim, any agent or employee of the company, no matter where he may reside, is also personally liable, and his property in the State may also be subjected for its payment,

although he has never been in the State, and did not even know that his company was doing business in it.

While the language of the statute may be sufficiently comprehensive to embrace all officers, agents and employees of such company, no matter where they reside, it is also, we think, under well settled rules of interpretation, susceptible of the construction that it was only intended to include such officers, agents and employees as are or have been in the State aiding in carrying on the prohibited business.

Statutes derive their force from the authority of the Legislature, and as a necessary consequence their effect will be limited to the boundaries of the State. Sutherland on Stat. Constr., sec. 218.

"The legislative authority of every State," says Judge Cooley, "must spend its force within the territorial limits of the State. The Legislature of one State cannot make laws by which people outside of the State must govern their actions, except as they may have occasion to resort to the remedies which the State provides, or deal with property situated within the State." Cooley's Const. Lim. (5th ed.), p. 149.

This being so, the Legislature will not be held to have been guilty of the folly (if any other reasonable construction can be placed upon the statute) of attempting to impose liabilities upon the citizens and residents of other States who have never been in the Commonwealth, and over whom it has no jurisdiction, especially when such imposition, if it could be enforced, would result in the grossest injustice.

"If the words of a statute," says Endlich on Interpretation of Statutes, sec. 258, "though capable of an interpretation which would work manifest injustice, can possibly, within the bounds of grammatical construction and reasonable interpretation, be otherwise construed, the court ought not to attribute to the Legislature an intention to do what is a clear, manifest and

gross injustice." See also secs. 264 and 295; and Sutherland on Stat. Constr., secs. 287, 323, 324; *Immigration Soc., &c.,* v. *Com'th,* 103 Va. 46, 48 S. E. 509 Cooley on Const. Lim. (5th ed.), p. 204.

The Legislature having no power to make officers, agents and employees, other than those who are within its jurisdiction, liable for claims against such corporations, the reasonable construction of the statute would seem to be that only such officers, agents and employees were intended to be embraced by the statute. This view is strengthened by that provision in the statute which declares that service upon any of the said officers, agents or employees shall be deemed a sufficient service on the company, since no service upon them could be had without the State. This construction brings the provisions of the statute within the power of the Legislature, and prevents a conflict with the general principles of law which it may be assumed the Legislature would not intend to disregard.

Several important and interesting questions were raised and discussed in the petition for this writ of error, and in the briefs of counsel, but in the conclusion we have reached, that the defendant is not liable for the plaintiff's claim under the statute, even if established, it is not necessary to consider those questions since their decision could not affect this case.

We are of opinion that there is no error in the judgment complained of, and that it must be affirmed.

*Affirmed.*