**SMITH v. COMMERCIAL TRAVELERS MUT. ACC. ASS'N OF AMERICA.**

No. 9003.

Circuit Court of Appeals, Seventh Circuit.

Nov. 19, 1946.

Rehearing Denied Dec. 20, 1946.

Jay E. Darlington, of Hammond, Ind., for appellant.

L. L. Bomberger and Rae M. Royce, both of Hammond, Ind. (Moses G. Hubbard, Jr., of Utica, N. Y., of counsel), for appellee.

Before SPARKS and KERNER, Circuit Judges, and HOLLY, District Judge.

KERNER, Circuit Judge.

Upon the death of her husband, plaintiff as beneficiary of a certificate of membership constituting a contract of insurance sued defendant. Defendant filed a motion to dismiss plaintiff's complaint on the grounds (1) that defendant, a New York corporation, was never qualified to do business in Indiana and therefore was not subject to the jurisdiction of the District Court there, and (2) that a one-year limitation in the contract barred plaintiff's action. The trial court filed a memorandum opinion on defendant's motion in which the question of jurisdiction was resolved against defendant, but the motion to dismiss was sustained on the ground that plaintiff's action was barred by the contractual limitation of one year. Plaintiff thereafter petitioned for leave to file an amended complaint wherein it was alleged that the one-year limitation clause was not applicable to plaintiff's case. The District Court denied plaintiff's petition and judgment was entered dismissing the action. To reverse the judgment, plaintiff appeals.

In 1930 defendant issued to Harry E. Smith, a resident of Pennsylvania, a certificate which insured him upon enumerated conditions against loss by accidental means of life, limb, sight, and time. The insurance benefit against loss of life was $10,000. In 1932 a change of beneficiary was effected and Lillian Bleweiss, intended wife, who later married insured and is the plaintiff here, was made the beneficiary. August 30, 1933, in Atlanta, Georgia, insured was injured, and on October 11, 1933, he died from his injuries. Plaintiff notified defendant of insured's death by letter dated October 18, 1933. Then, or soon afterwards, plaintiff became a citizen of Gary, Indiana, as she established residence with relatives and mailed all her subsequent correspondence regarding the claim from there. She filed proof of loss, and agreed in writing with defendant to allow it to exhume and perform an autopsy upon the body of deceased. March 23, 1934, plaintiff's claim was considered and rejected by defendant and plaintiff was notified of defendant's decision by letter dated March 27, 1934. Thereafter, on September 19, 1935, plaintiff commenced this action.

Unless we hold for plaintiff the question to be decided is whether the cause of action is barred by the one-year limitation clause in the contract.

Defendant is a mutual association doing business on an assessment basis. The certificate or contract was signed and delivered by defendant at its office in Utica, New York, and thereby defendant insured plaintiff's husband, a resident of Greensburg, Pennsylvania. In the certificate there is a specific provision providing: "This contract is . . . to be construed in accordance only with the laws of the State of New York."

In conflict of laws the lex loci contractus may mean either the law of the place where the contract was made or the place of its performance. Here it means the place where the contract was made (New York) because place of performance is not specified, and the rights of membership in an incorporated beneficiary society are determined by the law of the State of incorporation. Modern Woodmen of America v. Mixer, 267 U.S. 544, 45 S.Ct. 389, 69 L.Ed. 783, 41 A.L.R. 1384; Supreme Council of Royal Arcanum v. Green, 237 U.S. 531, 35 S.Ct. 724, 59 L.Ed. 1089, L.R.A.1916A, 771. Thus, it is clear that we must look to New York law to determine the validity of the contract's limitation clause. The New York courts have held unequivocally that a one-year limitation in an insurance contract is valid. Hanna v. Commercial Travelers Mutual Accident Ass'n, 236 N.Y. 571, 142 N.E. 288; Savery v. Commercial Travelers' Mutual Accident Ass'n, 238 App.Div. 189, 263 N.Y.S. 118. Moreover, "parties to a contract of insurance may provide for a shorter limitation of actions than that provided in the general Statute of Limitations." Brandyce v.

Globe & Rutgers Fire Ins. Co., 252 N.Y. 69, 168 N.E. 832, 833.

Plaintiff contends, however, that the remedial laws of Indiana apply to a contractual limitation in an insurance contract, Karvalsky v. Becker, 217 Ind. 524, 29 N.E.2d 560, 131 A.L.R. 1074, and that the applicable Indiana statute at the time the action was brought, § 39-1713, Burns' Indiana Stat.Ann.1933 (original vol. 8), provided that no foreign insurance company could insert a contractual limitation of less than three years. But as the court observed in its memorandum opinion, "The policy had matured before it was in any way affected by the laws of Indiana." As we have already noted, the contract had its origin in New York and was issued to a citizen of Pennsylvania. The insured was injured and died in Georgia. Nowhere does it appear that the parties to this contract ever contemplated performance or that performance was to be had in Indiana. In such a situation we think it is clear that we must look to New York and not Indiana law.

■ Plaintiff, however, insists that in her amended complaint, which the court did not permit to be filed, are allegations that the notice of death and the proof of loss which emanated from Indiana are conditions precedent to the accrual of the policy. We cannot agree with this reasoning. A contract of insurance matures at death, and notice of death and filing proof of loss, while essential to the payment of claims, are necessarily subsequent to maturity. Moreover, a person cannot select a forum for the commencement of an action and thereby invoke a different and more favorable law other than in strictly procedural matters than exists in the lex loci contractus. Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701. Because the contractual limitation is valid in New York, the loci contractus, it is not a violation of the public policy of Indiana to enforce it in Indiana. Henning v. Hill, 80 Ind.App. 363, 141 N.E. 66. In our case Indiana law would be applicable only if the contract had been issued by an Indiana company. That was the situation in Karvalsky v.

Becker, supra, and it is thereby distinguishable.

■ Plaintiff also contends that even if the one-year limitation was enforceable, it was waived by the failure of defendant to act within sixty days upon plaintiff's proof of loss. In support of her theory plaintiff relies particularly on paragraph 8 of the certificate which states: "No action at law or in equity shall be brought to recover on this Certificate prior to the expiration of sixty days after proof of loss has been filed * * *." The waiver, plaintiff argues, is based upon dependent covenants arising out of a construction of the contract to the effect that the respective parties were to perform acts alternatively within specified times for the benefit of both parties. It is urged that the contract provides that plaintiff was to furnish proof of loss within ninety days; that defendant was to act with finality on the proof within sixty days; and that legal action, if any, was to be taken within one year.

While it is true that defendant failed to take action within sixty days after receipt of proof of loss, an inspection of the certificate fails to sustain the allegation that defendant was under a duty to plaintiff either to pay or refuse payment on the contract within sixty days after proof of loss. Nothing in the quoted words nor in the balance of the paragraph which refers to the one-year limitation supports plaintiff's contention of a duty existing between defendant and plaintiff. An earlier paragraph in the certificate provides: "Payment of Benefits provided by Section A [loss of life] will be made within sixty days after receipt of due proofs." This statement is considerably more direct but even it fails to raise the presumption of existing duty, because where there is a denial of liability certainly no payments are to be made. Defendant refused payment on the ground that insured's death was due not primarily to the accident, and plaintiff was first notified of defendant's decision on March 27, 1934. This was approximately five and one-half months after plaintiff notified defendant of her claim. The claim was finally rejected on May 8, 1934, about eight months after the date of

the accident. Plaintiff, therefore, had sufficient time in which to bring action within the remaining four months of the contract limitation year, yet her action was not commenced until September 19, 1935, about two years from the date of the accident. Where the pleadings fail to allege bad faith, fraud, or promises to pay, but merely allege delay due to continuing negotiations regarding the claim, and the defendant has done nothing to mislead plaintiff, the reasonable contractual limitation must control. Continental Ins. Co. of City of New York v. Fire Ass'n of Philadelphia, 6 Cir., 152 F.2d 239.

Finally, plaintiff argues that the District Court erred in denying her petition to file the amended complaint. There was no error because in this opinion we have considered and rejected the contentions set forth in the amended complaint. The one-year limitation in the contract is controlling and nothing urged by plaintiff nullifies its decisiveness.

The judgment of the District Court is affirmed.