ALBRECHT et al. v. INDIANA HARBOR
BELT R. CO.
No. 9827.

United States Court of Appeals
Seventh Circuit.
Dec. 20, 1949.

John H. Gately, Chicago, Ill. (Joseph F. Burns, Chicago, Ill., of counsel), for appellants.

Sidney C. Murray, Chicago, Ill., Marvin A. Jersild, Victor L. Lewis, Chicago, Ill., Owen W. Crumpacker, Edwin H. Friedrich, Hammond, Ind., and Crumpacker & Friedrich, Hammond, Ind., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiffs are or were yardmen employed by the defendant Indiana Harbor Belt Railroad Company, an Indiana corporation. They seek damages for alleged violations of the provisions of a contract relating to wages, hours, and working conditions. The contract relied upon was a written contract entered into December 20, 1919, between the General Managers' Committee, representing various railroad companies, and the Brotherhood of Railroad Trainmen, a labor organization. The complaint alleges that plaintiffs are or were during the period in question members of the Brotherhood and that they are entitled to all of the benefits of the agreement. Plaintiffs claim violations of the agreement over a period extending from August 13, 1926, to December 12, 1938.

Plaintiffs allege that under said contract the railroad agreed to furnish a foreman and two helpers for each engine operating in the Blue Island Illinois yards, but failed to furnish such crews. The theory of Count I of the complaint is that the railroad failed to provide work which plaintiffs were willing to perform and of Count II that the defendant railroad required some of the plaintiffs to perform two types of work in a single day, and that they received pay for only the work done on one shift.

The complaint further alleges that the officials of the local Brotherhood lodge presented their grievances to the railroad company, based on said claimed violations, and that when they received no satisfaction they filed their claims with the Eastern Board of Adjustment, that said board was subsequently discontinued and succeeded by a new board, but that plaintiffs' claims were never presented to the new board.

Defendant moved to dismiss the complaint upon the ground that it failed to

state a claim upon which relief can be granted, and contends in particular that the action is barred by the Indiana six-year statute of limitations. Burns Ind.Stats. Anno. (1933), Sec. 2-601.

■ Plaintiffs urge that under Rule 8 (c), F.R.C.P., 28 U.S.C.A., it is improper to consider a plea of the statute of limitations on a motion to dismiss. As the legal effect of the bar clearly appears from the complaint, this contention cannot be sustained. Anderson v. Linton, 7 Cir., 1949, 178 F.2d 304.

■ Plaintiffs, all of whom are residents of Illinois, sue defendant, an Indiana corporation, upon a contract executed in Illinois for the purpose of governing wages and working conditions at the Blue Island Yards located in Illinois. The alleged breaches of contract occurred in Illinois. No citation of authority is needed for the proposition that the laws of Illinois govern the interpretation of such a contract.

This court has already passed on the identical contract in the case of Kordewick v. Indiana Harbor Belt R. Co., 7 Cir., 157 F.2d 753. That action was started in the United States District Court for the Northern District of Illinois. The plaintiffs there were members of the same Brotherhood as the plaintiffs in the case at bar. This court there held that under Illinois law the contract here under consideration is, in legal effect, an oral contract because parol evidence would have to be introduced to identify the parties and to maintain the action.

■ Although the case at bar was commenced in the District Court of Indiana, the contract nevertheless is to be interpreted under Illinois law. It must still be regarded as an oral contract. However, we must here apply the applicable Indiana statute of limitations. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. Federal courts are required to give such interpretations to State statutes of limitations as are given to such statutes by the highest court of such States. Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. The law of the forum

determines whether the action is barred. Karvalsky v. Becker, 217 Ind. 524, 29 N.E. 2d 560, 131 A.L.R. 1074; Hobbs v. Ludlow, 199 Ind. 733, 160 N.E. 450. Burns Ind. Stats.Anno. (1933), Sec. 2-601, provide that actions on oral contracts shall be barred unless commenced within six years after the cause of action accrued.

The complaint shows on its face that the alleged violations of the contract occurred from August 13, 1926, to December 12, 1938. This action was commenced August 4, 1947. It thus affirmatively appears that this action was not commenced within the six years after the alleged cause of action accrued. It follows that the complaint did not state a claim upon which relief can be granted, and the complaint and action were properly dismissed. Judgment affirmed.