HELEN SCALES TRICE

*v.*

DAVID E. CHEATHAM.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

FYKE FARMER, Nashville, for appellant.

TOM MOORE, WADE & FORRESTER, Pulaski, for appellee.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This controversy is over a claim against the decedent's estate for attorney's fee.

The defendant below, who is a member of the Pulaski Bar filed two claims against the estate of Joe W. Scales. One claim was in the sum of $7,116.25 for professional services rendered to decedent prior to his death and including services also rendered the executrix in certain litigation after the death of the decedent. The other claim was in the sum of $4,050 for services rendered the executrix. The date of filing these claims in the county court was January 16, 1959.

On or about January 23, 1960, the executrix mailed the defendant a check for $7,116.25 marked "in full settlement of claim against Estate of Joe W. Scales." The check was accompanied by a blank receipt for defendant to sign acknowledging receipt of payment of his claim against the estate.

The defendant did not immediately cash the check or execute and return the receipt. Instead he had the check certified by the bank.

Thereafter, the attorney for the executrix wrote claimant that the check for $7,116.25 was intended to be in full settlement of both claims filed by him against the estate, and asked him to agree to a consent order in the county court releasing both claims or to return the check. The

defendant did not reply to the two letters the attorney for the executrix wrote him. On February 19th the executrix filed exceptions to both claims of the defendant in the county court.

On February 22, 1960, the attorney for the executrix wrote the defendant advising him that exceptions had been filed to his claims in the county court and withdrew the offer of compromise and settlement. Demand was made upon the defendant for the return of the check he was holding.

On February 24, 1960, the defendant obtained an order from the County Judge, non-suited his claim for $4,050 without prejudice and signed in the claim book a release of his claim for $7,116.25. This check for $7,116.25 was paid by the bank.

In March, 1960, executrix appealed from the order of the County Judge granting and ordering a non-suit of the defendant's claim in the amount of $4,050 without prejudice.

This was a petition in the Circuit Court under the Declaratory Judgment Act and for writs of error and certiorari to the county court to bring the claims filed by the defendant in the county court to the circuit court for trial before a jury as provided by law.

· The defendant made a motion to dismiss the bill claiming that the questions raised by the petition were moot. This motion was sustained by the Circuit Judge.

We think the motion to dismiss was properly sustained. If the petitioner had been aggrieved she had a speedy and adequate remedy at law by simply filing the exceptions to the claim prior to payment and follow the plain and

speedy and adequate remedy conferred by our statutes, being T.C.A. 30-517, 30-518.

Defendant relies upon the case of *Guild v. Baldridge,* 32 Tenn. 295. That case was predicated upon a mistake of fact. There is no such allegation in the petition filed in the present case and the Guild case has no application.

The other authorities cited by petitioner *Karvalsky v. Becker,* 217 Ind. 524, 29 N.E.2d 560, 563, 131 A.L.R. 1074. In the last cited case the Court had this to say:

"[While] the acceptance of a check and the appropriation of the funds represented by cashing the check or having it certified is payment, * * * the mere receipt of a check without an agreement that it shall be treated as payment when received, does not constitute payment."

It therefore results that we find no error in the assignments of error and the judgment of the lower court is affirmed.