346 F.2d 242
 INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), AFL-CIO, Plaintiff-Appellant,
v.
HOOSIER CARDINAL CORPORATION, an Indiana corporation, Defendant-Appellee.
 No. 14945.
 United States Court of Appeals Seventh Circuit.
 June 4, 1965.
 
 Stephen I. Schlossberg, Detroit, Mich., Daniel F. Cummings, Indianapolis, Ind., Joseph L. Rauh, Jr., Washington, D. C., Harold Katz, Chicago, Ill., Lynnville G. Miles, Indianapolis, Ind., for appellant, Judith Bleich Kahn, Detroit, Mich., of counsel.
 Harry P. Dees, Arthur R. Donovan, Joseph A. Yocum, Evansville, Ind., for defendant-appellee, Kahn, Dees, Donovan & Kahn, Evansville, Ind., of counsel.
 Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFLCIO, plaintiff, appeals from a judgment of the district court dismissing plaintiff's complaint because it showed on its face that the causes of action upon which recovery was sought were barred by the statute of limitations of the state of Indiana.
 
 
 2
 The complaint avers that plaintiff, hereinafter sometimes referred to as the Union, having a collective bargaining agreement with Hoosier Cardinal Corporation, an Indiana corporation, defendant, which required vacation pay for its employees, by this action seeks to rely upon various statutes of the state of Indiana, (a) providing for the payment of wages due to employees at least weekly, Burns Ind.Stat.Ann. (1952 Repl.) § 40-104(b) making an employer who fails for 10 days after demand to make payment therefor weekly liable for the same together with penalty and reasonable attorneys' fees, to be recovered in a civil action, Burns Ind.Stat.Ann. (1952 Repl.) § 40-105, and (c) providing liquidated damages for such failure to pay, for each day, 10% of the amount due twice each month, not exceeding double the amount of wages due, and a reasonable fee for plaintiff's attorney, as provided in Burns Ind.Stat.Ann. (1952 Repl.) § 40-102.
 
 
 3
 It is significant that in this case no recovery is sought for or on behalf of plaintiff union itself. Any recovery in this case would inure to the exclusive benefit of the individual employee in varying amounts depending upon the individual's employment contract with defendant.
 
 
 4
 The district court relied on Burns Ind. Stat.Ann. (1946 Repl.) § 2-601 (Supp.), which provides a six-year statute of limitations on accounts and contracts not in writing.
 
 
 5
 The district court noted that the complaint herein was filed on April 8, 1964, which was more than six years from June 1, 1957 when the alleged breach of employment with individual employees occurred.
 
 
 6
 We agree with and affirm the holding and judgment of the district court. Before arriving at this conclusion we have considered each of the two reasons advanced by plaintiff which seeks to demonstrate that the district court erred.
 
 
 7
 First, plaintiff contends that no state statute of limitations can bar an action under section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185. It arrives at this conclusion by reasoning that
 
 
 8
 "* * * it is a firm, well-established, and judicially recognized policy of Congress that insofar as concerns the application of legal principles the resolution of labor questions under federal law should not depend in any manner upon the geographic location in which such an action arises. While the fostering of uniformity in this area normally concerns substantive legal issues, procedural rules which may be dispositive of a dispute (such as the question here involved of the application of a state statute of limitations) are no less significant. The decision of the court below to impose local time limitations on a Section 301 action disturbs the national design of having a federal labor law uniformly applied. * * *"
 
 
 9
 However it should be noted that § 185(a) deals with "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry * * *". The case at bar is not a suit by plaintiff to recover wages due it from defendant, for the simple reason that no one contends that defendant owes any wages to the Union. Therefore we perceive that plaintiff is in error in characterizing the subject matter of this case as the resolution of a labor question. Moreover, § 185(b) authorizes a labor organization to sue "in behalf of the employees whom it represents in the courts of the United States". There is before us actually a case by an agent to enforce the rights of individual workmen to collect from defendant vacation pay, which it is claimed was due them individually under Indiana law and for which it is clear that they individually could have brought their own suits in the state courts of Indiana. The present suit frankly characterizes the choses in action involved as existing by virtue of the statutory law of Indiana. The question of whether vacation pay is due the workmen here involved is a question of state law. It remains a question of state law even though the terms of a bargaining agreement authorize the workmen's personal rights of action to be maintained for them by their union. The complaint seeks not only wages due for vacation pay, but also statutory penalties and attorneys' fees allowable by an Indiana statute, and thus frankly recognizes the case as a state action. Therefore it is subject to the Indiana statute of limitations.
 
 
 10
 This result is in accordance with our prior holding in Kordewick v. Indiana Harbor Belt R. Co., 7 Cir., 157 F.2d 753 (1946), cert. den. 329 U.S. 806, 67 S.Ct. 502, 91 L.Ed. 688, where we found that such a contract was oral and thus barred by the Illinois statute of limitations.
 
 
 11
 To the same effect, and involving the Indiana statute of limitations, is Albrecht v. Indiana Harbor Belt R. Co., 7 Cir., 178 F.2d 577 (1949), where at 578, we said:
 
 
 12
 "Although the case at bar was commenced in the District Court of Indiana, the contract nevertheless is to be interpreted under Illinois law. It must still be regarded as an oral contract. However, we must here apply the applicable Indiana statute of limitations. Guaranty Trust Co. [of N. Y.] v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L. R. 1231. Federal Courts are required to give such interpretations to State statutes of limitations as are given to such statutes by the highest court of such States. Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. The law of the forum determines whether the action is barred. Karvalsky v. Becker, 217 Ind. 524, 29 N.E.2d 560, 131 A.L.R. 1074; Hobbs v. Ludlow, 199 Ind. 733, 160 N.E. 450. Burns Ind.Stats.Anno. (1933), Sec. 2-601, provides that actions on oral contracts shall be barred unless commenced within six years after the cause of action accrued.
 
 
 13
 "The complaint shows on its face that the alleged violations of the contract occurred from August 13, 1926, to December 12, 1938. This action was commenced August 4, 1947. It thus affirmatively appears that this action was not commenced within the six years after the alleged cause of action accrued. It follows that the complaint did not state a claim upon which relief can be granted, and the complaint and action were properly dismissed."
 
 
 14
 We agree with counsel for defendant when he says in his brief that the mere fact that the Union is bringing this action instead of the individual employees involved does not change the rule that the statute of limitations has barred this action. It is the cause of action which is barred by the statute of limitations and not the particular person bringing the action. The individual former employees of the defendant for whose benefit this action for vacation pay alleged to be due is brought cannot be permitted to circumvent the statute of limitations, which has clearly barred their claims, by having the Union bring the action in their behalf.
 
 
 15
 Inasmuch as the recovery sought in the case at bar is solely for the benefit of individual employees, we cannot escape the conclusion that the presence of the Union as the plaintiff cannot justify the maintenance of this action which really belongs to the individual employees, as against the defense of the Indiana statute of limitations of six years.
 
 
 16
 Secondly, we reject plaintiff's contention that, if any state statute of limitations applies, this case would be governed by Indiana's 20-year statute of limitations covering actions on written contracts. As we have indicated, plaintiff's action in the district court was based upon the contracts of employment between the individual employees and defendant. There is no evidence or contention that these employment contracts were ever reduced to writing. It was for wages due under these employment contracts that the present action was brought. The 6-year statute of limitations applied to the action. The fact that the authority of the Union to bring the action on behalf of the employees is evidenced by a written agreement is of no significance in determining what Indiana statute of limitations is applicable to the action.
 
 
 17
 We have given special attention to plaintiff's reliance upon Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). As a result thereof, it is our opinion that the result which we now reach in the case at bar is not at variance with the views expressed in the majority opinion in Smith.
 
 
 18
 While defendant makes two other convincing arguments in support of its position in this court, we consider it unnecessary to discuss them, because, for the reasons already given, we deem it necessary that the judgment from which this appeal was taken be affirmed. It is so ordered.
 
 
 19
 Judgment affirmed.
 
 
 20
 SWYGERT, Circuit Judge (concurring).
 
 
 21
 I concur in affirmance of judgment.