ROOT JEWELERS, INC., PLAINTIFF–RESPONDENT, v. JDR CON-
TRACTING, INC., DEFENDANT, AND DONALD BOUFFARD
AND JOSEPH BOUFFARD, JOINTLY, SEVERALLY, INDIVID-
UALLY OR IN THE ALTERNATIVE, DEFENDANTS–AP-
PELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted March 22, 1989—Decided May 17, 1989.

Before Judges KING, BRODY and ASHBEY.

*Klehr, Harrison, Harvey, Branzburg, Ellers & Weir,* attorneys for appellants (*Carol Ann Slocum,* on the brief).

*Frank H. Rose,* attorney for respondent.

The opinion of the court was delivered by

BRODY, J.A.D.

This is an action based upon a $42,829.50 judgment by default that plaintiff obtained against appellants in Virginia. Appellants were the principals and officers of defendant JDR Contracting, Inc., a defunct New Jersey corporation. They contend that the judgment is not entitled to full faith and credit because Virginia did not have personal jurisdiction over them. Judge Gottlieb disagreed and entered a summary judgment for plaintiff. We affirm.

JDR had contracted with plaintiff, a retail jeweler, to renovate its store in Virginia. The only time appellants were in Virginia was when they attended a meeting at the construction site to resolve a dispute regarding the progress of the work. The Virginia action followed after the parties were unable to settle the matter.

The basis for appellants' liability under Virginia law was JDR's failure to obtain from Virginia a certificate of authority to do business there. *Va.Code* § 13.1–119 (since repealed) provided in relevant part:

> If a foreign corporation transacts business in this State without a certificate of authority, its directors, officers and agents doing such business shall be jointly and severally liable for any contracts made or to be performed in the State....

Although on its face the statute appears to render all officers of a corporation personally liable when their corporation transacts business in Virginia without a certificate of authority, the Virginia Supreme Court has interpreted the statute more narrowly:

> While the language of the statute may be sufficiently comprehensive to embrace all officers, agents, and employees of such company, no matter where they reside, it is also, we think, under well-settled rules of interpretation,

susceptible of the construction that it was only intended to include such officers, agents, and employees as are or have been in the State aiding in carrying on the prohibited business. [*Richmond Standard Steel Spike and Iron Co. v. Dininny*, 105 *Va.* 439, 53 *S.E.* 961 (1906).]

That interpretation has more recently been restated in *Miller and Rhoads v. West*, 442 *F.Supp.* 341, 345 (E.D.Va.1977):

On its face, the original law did not appear to place any restrictions upon which officers and directors could be held personally liable. [Footnote omitted.] However, in 1906 the Virginia Supreme Court held that [the statute] has no application to officers, agents and employees who are nonresidents of the State and who have never been present in the State engaged in carrying on the business of the company, but only includes such officers, agents and employees as are, or have been, in this State aiding in carrying on the prohibited business.

Thus by entering Virginia to advance the "carrying on" of the prohibited contract, appellants, though nonresidents of that State, became personally liable as officers for JDR's contractual obligations.

Appellants do not question the validity of the statute. They argue, however, that their liability under the statute does not automatically empower Virginia courts to exercise personal jurisdiction over them. We agree that one does not necessarily follow from the other, but we conclude that it does here.

Due process limits a state's personal jurisdiction over a nonresident to actions where the nonresident has had "certain minimum contacts" within the state so that maintenance of the action does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 *U.S.* 310, 66 *S.Ct.* 154, 90 *L.Ed.*2d 95 (1945).

Virginia has codified the *International Shoe* criteria in *Va. Code* § 8.01–328.1(A), its long-arm personal jurisdiction statute, which provides in relevant part:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;
2. Contracting to supply services or things in this Commonwealth; ...

The provisions of the long-arm statute have been restated in *John G. Kolbe, Inc. v. Chromodern Chair Co.*, 211 *Va.* 736, 180 *S.E.*2d 664, 667 (1971):

It is manifest that the purpose of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent permissible under the due process clause. [Citation omitted.] Since the statute provides "Transacting *any* business in this State" (emphasis added), it is a single act statute requiring only one transaction in Virginia to confer jurisdiction on its courts....

Refining further the criteria of the long-arm statute, the court in *Viers v. Mounts,* 466 *F.Supp.* 187, 190 (W.D.Va.1979) said:

It is evident, therefore, that a single act committed in Virginia by a nonresident is sufficient to invoke the protection of the jurisdictional statute with respect to any cause of action arising therefrom if by that one act the nonresident can be said to have engaged in some purposeful activity in Virginia....

We now come to appellants' single argument on appeal. They acknowledge that their presence in Virginia to resolve the dispute under the contract was sufficient to empower that state to exercise its jurisdiction over them. They argue, however, that because their purposeful activity was related to plaintiff's contract with JDR, they were acting solely as JDR officers and therefore Virginia could only exercise its jurisdiction over them as agents of JDR and not as individuals. We disagree.

As we have seen, the Virginia Supreme Court, recognizing that it would be unfair to render nonresident officers as a class liable for the prohibited contracts of their corporation, required that in order to become personally liable an officer must in effect have had a minimum contact with Virginia respecting the "carrying on" of the contract. That same concern for fairness to a nonresident, but with respect to the exercise of personal jurisdiction over him, also led the United States Supreme Court to require that in order to be subject to the jurisdiction of a court a nonresident defendant must have had a minimum contact with the forum state.

Thus when appellants entered Virginia as JDR officers to carry on the unauthorized business of the corporation, they thereby rendered themselves personally liable and that single act, being a purposeful activity in Virginia related to the cause of action asserted against them as individuals, also constituted

the minimum contact with Virginia that empowered it to exercise personal jurisdiction over them in that cause.

Finally, we note that appellants were served with a copy of the Virginia complaint. That pleading refers to the provisions of *Va. Code* § 13.1–119 as the basis for their personal liability. They therefore cannot, and indeed do not, contend that they were without notice of their peril when they chose to default.

Affirmed.