May Term,
1859.

HENDRICKS
v.
COMSTOCK.

In conclusion, permit me to refer to the rules which control this Court in reviewing causes upon the weight of evidence.

All the evidence in thi case was adduced by the appellees. The appellants offered none whatever.

In *Chase* v. *Kendall, supra,* this Court holds that "every reasonable intendment in favor of the verdict is to be indulged," &c. In *Kile* v. *Chapin,* 9 Ind. R. 150, this Court say, that "the finding of an inferior Court is not to be disturbed unless it is palpably wrong."

The verdict and judgment in this case being palpably right, the appellees not only ask that it be affirmed, but that damages be assessed pretty liberally in their favor.

---

HENDRICKS and Another *v.* COMSTOCK.

In an action instituted in this state, upon a judgment rendered in another state, a plea of the statute of limitations of the latter state will not, as a general rule, be sustained.

There may be a distinction between a statute limiting the time within which an action may be brought, and one simply raising a presumption of payment by lapse of time; but a defense based upon either relates to the remedy, and not to the merits, and is governed by the *lex fori*.

Friday,
May 27.

APPEAL from the *St. Joseph* Court of Common Pleas. DAVISON, J.—The appellee, who was the plaintiff, sued *Hendricks* and *Cottrell,* administrators of *Alexis Coquillard,* upon a judgment against their intestate, rendered on the 15th of *October,* 1842, by a Court of record, held within and for the county of *Berrien,* and state of *Michigan.*

The defendants' answer contains seven paragraphs. The first is a general denial. By the sixth, it is averred that the judgment sued on was rendered in *Michigan,* more than ten years before the commencement of this suit; and that, by § 24 of ch. 140 of the Revised Statutes of that state, approved *May* 18, 1846, the same is presumed to be paid and satisfied. The section to which the defense refers, is therein set forth, and is as follows:

"Every judgment and decree in any Court of record of the *United States,* or of this or any other state, shall be

presumed to be paid and satisfied at the expiration of ten
years after the judgment or decree was entered."

The seventh paragraph alleges payment by the intestate
in his lifetime. The other paragraphs make no point in
the case, and will not, therefore, be further noticed.

To the sixth paragraph a demurrer was sustained; but
to the seventh, the plaintiff replied by a general denial.

Issues of fact were submitted to a jury. There was a
verdict for the plaintiff. New trial refused, and judgment.

Upon the trial, the plaintiff produced and gave in evi-
dence an authenticated transcript of the record of the
judgment in suit, and rested. And thereupon the defend-
ants offered in evidence a printed statute-book, purporting
to be printed under the authority of the state of *Michigan*,
and containing the section referred to in their answer.
And further, they offered to prove, by a competent witness,
that *Coqaillard*, the intestate, from the time the judgment
was rendered until his death, which occurred in *January*,
1855, was, at all times, abundantly able to pay all his lia-
bilities, and was possessed of a large capital and extensive
resources. But their offers were severally resisted by the
plaintiff, and refused by the Court.

The only questions noticed in the argument, relate to
the action of the Court in sustaining the demurrer to the
sixth defense, and in refusing to admit the defendants'
evidence.

In support of the demurrer, it is assumed that, to an ac-
tion instituted in this state, upon a judgment rendered in
a sister state, a plea of the statute of limitations of the
latter state cannot be sustained.

This position, as a general rule, is no doubt correct.
Does it apply to the question raised by the demurrer?
The appellants contend that the statute set up in the de-
fense is not a statute of limitations; that it does not limit
the time within which an action may be brought, but sim-
ply raises a presumption of payment by lapse of time.
The distinction thus pointed out may exist. 2 Pars. on
Cont. 341, *et seq.* Still, each defense relates to the rem-

edy, and not to the merits of the action, and the inquiry arises—Are they, in reference to the case made by the record, subject to the same rule of decision? The rule is thus stated: "In regard to the merits and rights involved in actions, the law of the place where they originated is to govern; but the form of remedies, and the order of judicial proceedings, are to be according to the rules of the place where the action is instituted." Story's Confl. of Laws, §§ 558, 576.—13 Pet. 312.—9 How. 407.

The statute before us does not, in any degree, affect the right involved in the action. It relates to a rule of evidence. It declares, in effect, that the plaintiff, in a suit on a judgment, instituted at the expiration of a given period after it was entered, cannot recover unless he proves that it remains unpaid. Thus, the statute seems to be a mere regulation of the order of judicial procedure in reference to actions on judgments presumed to be paid. It must, therefore, be held to relate to the law of the remedy, and cannot, in view of the rule to which we have referred, be deemed operative in any state other than the one in which it was enacted. And the result is, that the action having been instituted in this state, the matter set up in the sixth paragraph is not well pleaded. Such a defense, to be availing, must be founded upon, and brought within, the statutory enactments of the state in which suit is brought. See 2 R. S. p. 78, § 225.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. L. Miller* and —— *George*, for the appellants.

*A. G. Deavitt*, for the appellee.