Thomas Horan and John Peterson, Appellants, v. The New Home Sewing Machine Company, Appellee.

Gen. No. 38,881.

Opinion filed March 24, 1937.

TELLER, LEVIT, SILVERTRUST & LEVI, of Chicago, for appellants.

B. S. QUIGLEY and McKENNA, HARRIS & SCHNEIDER, all of Chicago, for appellee.

MR. JUSTICE HALL delivered the opinion of the court.

Suit was instituted in the superior court of Cook county by the plaintiffs against the defendant on August 6, 1935, for personal injuries said to have been sustained by plaintiffs through the alleged negligence of the defendant. It is further alleged that the act of defendant, upon which the suit is predicated, occurred in the City of New York, State of New York, on August 31, 1932. To the complaint filed in the cause, the defendant filed a motion to dismiss upon the ground that the plaintiffs are nonresidents of the State of Illinois, and are residents of the State of New York, that the cause was commenced without filing a bond for costs, as provided by the statute, and that the action is barred by the statute of limitations of the State of

Illinois. Upon the hearing, it was stipulated that the defendant's motion to dismiss is based upon the failure of the plaintiffs to file a cost bond, and that the Illinois statute of limitations is a bar to plaintiffs' action. In the briefs filed by the parties, it is agreed that the limitation of time within which an action might be brought in the State of New York is three years, and in Illinois, two years. Upon the hearing, the court sustained the motion to dismiss and entered judgment against plaintiffs for costs. This appeal is from that judgment.

It is plaintiffs' contention here that the action can be sustained because of the New York statute, which provides:

"Actions to be commenced within three years. The following action must be commenced within three years after the cause of action has accrued:

"An action to recover damages for a personal injury resulting from negligence."

In the complaint filed in the cause, after reciting the facts upon which the cause of action is predicated, it is recited that prior to the running of the statute of limitations of the State of New York, the defendant removed from that State so that service of process could not be had upon it.

In *Warren v. Clemenger,* 120 Ill. App. 435, an action was brought on promissory notes which were made and executed in Canada. Before certain of the notes became due, the defendant left Canada and resided in various parts of the United States, taking up his residence in the city of Chicago in 1891. The last of the notes sued on matured May 1, 1881, and the suit was commenced on these notes in Chicago in March, 1900. In holding that the 10-year period provided by the Illinois statute of limitations had run, and that the plaintiff could not recover, this court said:

342

"The statute affects the remedy merely and not the merits of the controversy. It is a statute of repose, and should be construed liberally so that the object for which it was enacted may be attained." Citing 15 N. J. L. 171, and 93 Ill. 230.

There is no showing, whatever, as to why the action was not brought within the period allowed by the Illinois statute.

We are of the opinion that the Illinois statute of limitations is controlling, and that the trial court was not in error in dismissing the complaint. The judgment is affirmed.

*Affirmed.*

Denis E. Sullivan, P. J., and Hebel, J., concur.