Nancy Jackson, Plaintiff-Appellant, v. J. R. Shuttleworth, d/b/a Shuttleworth Motor Company, General Motors Corporation, a Corporation, and Fred Fieker, Defendants. J. R. Shuttleworth, d/b/a Shuttleworth Motor Company and Fred Fieker, Defendants-Appellees.

Gen. No. 10,465.

Third District.

August 20, 1963.

Meyer and Meyer, of Belleville, for appellant.

Morris B. Chapman, of Granite City, for appellee, Fred Fieker, and Hebron & O'Connell, of Carlinville, for appellee, J. R. Shuttleworth.

REYNOLDS, J.

This is an action against Fred Fieker, driver of the automobile which struck plaintiff, and against J. R. Shuttleworth, garageman, claiming negligence on the part of Fieker as the driver of the automobile and against Shuttleworth claiming negligence in repair of the brake system of the automobile driven by Fieker. Plaintiff was a pedestrian on a public sidewalk in St. Louis, Missouri, when she was injured. The accident occurred February 5, 1960. Suit was filed in the Circuit Court of Macoupin County on August 31, 1962. The plaintiff and the two defendants are residents of Illinois.

The defendants filed motions to dismiss on the ground that the Illinois Statute of Limitations (Ill Rev Stats c 83, § 15 1959) barred recovery. The trial court allowed the motions to dismiss, and the plaintiff electing to stand on her complaint, judgment was entered for the defendants. Plaintiff appeals.

Missouri has a five-year Statute of Limitations for personal injury suits, while Illinois has a two-year Statute. Plaintiff's theory is that the law of the State of Missouri should apply. In support of that theory, plaintiff cites a large number of cases dealing with the doctrine commonly called "comity." "Comity" has been defined by the Supreme Court of Illinois, in its legal sense, as neither an absolute obligation on the one hand nor of mere courtesy and good will on the other, but a recognition which one State allows within its territory to the legislative, executive or judicial acts of another State, having due regard both to the interstate duty and convenience and to the rights of its own citizens who are under the protection of its laws. Clubb v. Clubb, 402 Ill 390, 84 NE2d 366.

Without questioning the rule of "comity" invoked by the plaintiff, the rule does not reach the precise question involved here and consequently can-

not govern. It is true that a number of decisions in the federal courts have held that the statute of the state wherein the cause of action arose is the applicable statute, but an examination of those cases discloses that the statutes involved were not strictly statutes of limitation, but were statutes creating the cause of action and limiting the time in which such newly created right might be asserted. Where the right of action depends upon statute and where no such right of action existed at common law, the time for bringing action is determined by the lex loci, because the lex loci establishes the substantive rights of the parties, and where a limitation is placed upon the assertion of that right, it has been correctly held to be a matter of substantive, as distinguished from procedural, law. Haefer v. Herndon, 22 F Supp 523.

The Haefer v. Herndon case because of diversity of citizenship was in the District Court of the United States for the Southern District of Illinois. The personal injuries of the plaintiff were sustained in Missouri. The court held that the Illinois statute of limitations and not that of Missouri controlled. Judge Briggle in that case clearly defined the distinction which must govern in this case. In that class of cases where the cause of action is created by statute and a time is fixed within which the cause of action must be asserted, the law of the State where the action occurred must govern. Where the cause of action is not created by statute, but is a right under common law, the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations depend upon the law of the forum. The first is a matter of substantive law, the second one of procedural law.

The issue here is not new in Illinois. In the case of Horan v. New Home Sewing Mach. Co., 289 Ill App 340, 7 NE2d 401, plaintiff was injured in the State of

New York. Suit was brought in Illinois. New York at that time had a three-year statute of limitations for suits for personal injuries. Illinois, then as now, had a two-year statute of limitations. In that case, as here, more than two years had elapsed before suit was brought. And the court in that case said: "The statute affects the remedy merely and not the merits of the controversy. It is a statute of repose, and should be construed liberally so that the object for which it was enacted may be attained." And the court in that case concluded that the Illinois statute of limitations was controlling and that the trial court was not in error in dismissing the complaint.

A very recent case, Wetzel v. Hart, 41 Ill App2d 371, 190 NE2d 619, cited with approval the case of Horan v. New Home Sewing Mach. Co., 289 Ill App 340, 7 NE2d 401, and reiterated the doctrine that statutes of limitation are procedural and generally affect only the remedy and not substantive rights.

This case does not fall within that class of cases where the right is created by statute and the limitation is part of the law creating the right. Rather, this is a case where the statute of limitations only affects the remedy, not the right. Here the right of the plaintiff was a common law right. Having elected to bring her action in Illinois, she must abide by the laws of procedure, the rules of pleading, the rules of evidence and the statute of limitations of Illinois.

The judgment will be affirmed.

Affirmed.

CARROLL, PJ and ROETH, J, concur.