Palmina C. GIANNI, Administratrix of the Estate of Sebastian S. Gianni, Deceased, and Eunice H. McMahon, Administratrix of the Estate of Donald H. McMahon, Deceased, Plaintiffs-Appellants,

v.

FORT WAYNE AIR SERVICE, INC., Defendant-Appellee.

Nos. 14761, 14762.

United States Court of Appeals Seventh Circuit.

Feb. 11, 1965.

Rehearing Denied March 10, 1965.

Dempsey A. Cox and Benjamin Piser, South Bend, Ind., for appellant.

Arthur W. Parry, Parry & Krueckeberg, John H. Krueckeberg, Fort Wayne, Ind., for defendant-appellee.

Before DUFFY and KILEY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

Wrongful death actions. Plaintiffs are residents of Connecticut. Their causes of action arise out of an airplane crash in Massachusetts in which their husbands were killed on March 25, 1961. Defendant is an Indiana corporation with its principal office and place of business in Indiana. The alleged negligence in inspecting a plane took place in Indiana. The actions were commenced in the Indiana District Court on September 25, 1962, eighteen months after the accident.

The Massachusetts wrongful death statute requires that such actions shall be commenced within one year from the date of death. It contains a saving clause tolling the statute during the time the defendant is out of the State of Massachusetts. Indiana has a two-year limitation with reference to wrongful death actions. The district court held that the Massachusetts one-year statute of limitations was to be applied, that the Massachusetts tolling provision did not apply, and entered orders dismissing the complaints.

This court has considered and passed upon the conflict of laws question involving Indiana in a decision handed down herewith in the case of Watts v. Pioneer Corn Company, Inc., 342 F.2d 617 (decided February 11, 1965), where the authorities are there set forth. It would serve no purpose to again set out the authorities on that question herein.

We hold that for the reasons stated in the Watts case, the Indiana statute of limitations should have been applied.

The orders appealed from are hereby reversed.