MARY HORVATH v. WALTER D. DAVIDSON.

[No. 970A155. Filed December 10, 1970. No petition for rehearing filed.]

204

*Myron J. Hack, Hack & Gonderman, Bernard S. Schrager,* all of South Bend, for appellant.

*John J. Lorber, Crumpacker, May, Levy & Searer,* of South Bend, for appellee.

SHARP, J.—This action grew out of a personal injury collision which occurred on August 21, 1966, in Michigan. The Defendant-Appellee, Walter D. Davidson, was at all times material a resident of St. Joseph County, Indiana. At all times material the Plaintiff-Appellant was a resident of Michigan. On August 19, 1969, Appellant filed suit in St. Joseph County, Indiana. The Appellee filed answer in two paragraphs, one in general denial, and the second raised the defense that the Appellant's cause of action did not accrue within two years before the commencement of this action. Thereafter Appellee moved for summary judgment alleging generally that the Indiana Statute of Limitations barred Appellant's cause of action.

On February 24, 1970, the parties entered into a stipulation as follows:

"1.   The collision alleged in the plaintiff's complaint did occur on August 21, 1966, as alleged therein.

2.   The plaintiff on the date of said collision, August 21, 1966, and thereafter was not then and is not now under any legal disability.

3.   At the time of the collision in question and at the time of the filing of this action and at the present time, the plaintiff was, is and continues to be a resident of the State of Michigan.

4.   The collision, as alleged in plaintiff's complaint, did occur in Cass County, State of Michigan."

On June 17, 1970, the trial court entered the following judgment:

"This cause came on to be heard this 14th day of May, 1970, on the defendant's Motion for Summary Judgment. The Court having considered the pleadings, stipulations of fact and briefs filed by the parties and after argument of counsel, now finds that the defendant's Motion for Summary Judgment should be granted, and that the plaintiff recover nothing from the defendant and that the defendant have judgment for costs, there being no genuine issue as to any material fact in this cause concerning the defendant's affirmative defense that the plaintiff failed to file a timely complaint for damages within the applicable statute of limitations, the same being found in Burns Indiana Annotated Stat. § 2-602, and the defendant, therefore, being entitled to judgment as a matter of law.

The Court further makes the following findings of fact:

1. The automobile collision which is the subject of the plaintiff's complaint occurred in Cass County, Michigan, on August 21, 1966.

2. The plaintiff was not under any legal disability at the time said collision occurred and is not now under any legal disability.

3. The plaintiff filed her complaint for damages resulting from said collision in the Superior Court of St. Joseph County, Indiana, on August 19, 1969.

Upon consideration of the foregoing facts, the Court now concludes as a matter of law:

1. That the Indiana Statute of Limitations, being the law of the forum, is applicable to the controversy herein.

2. The Indiana Statute of Limitations for personal injuries, as found in Burns Indiana Annotated Stat. § 2-602, requires that suit be commenced within two (2) years after the cause of action has accrued.

3. The plaintiff's action was not commenced within two (2) years after the accrual of her cause of action and is, therefore, barred by the Indiana Statute of Limitations.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant's Motion for Summary Judgment be granted and that the plaintiff take nothing of and from the defendant by virture of her Complaint. Costs assessed against the plaintiff. Judgment."

Generally the Statute of Limitations may be raised on a Motion for Summary Judgment. *Hobbs* v. *Firestone,* 195 F. Supp. 56 (N.D. Ind. 1961) ; *Cassidy* v. *Cain,* 145 Ind. App. 581, 251 N. E. 2d 852 (1969) ; *Roe* v. *Sears, Roebuck & Co.,* 132 F. 2d 829 (7th Cir. 1943) ; and *Meier* v. *Combs,* 147 Ind. App. 617, 263 N. E. 2d 194 (1970).

On June 23, 1970, Appellant filed Motion to Correct Errors under Trial Rule 59 which was overruled.

The sole legal question to be determined here is whether the Statute of Limitations of Indiana or Michigan applies.

There is no dispute that actions relating "injuries to person" must be commenced within two years under the provisions of Burns' Indiana Statutes Annotated § 2-602. There is also no dispute that under the law of Michigan such actions must be commenced within a three year period. Michigan Revised Judicature Act of 1961, § 5805.

All the facts relevant to the issues presented here have been agreed upon and no evidentiary questions are raised.

In *Hobbs* v. *Ludlow,* 199 Ind. 733, 160 N. E. 450 (1928), our Supreme Court stated:

> "The lex fori governs in respect to matters concerning the remedy to be pursued, including the bringing of suits, etc., . . . and in respect to the limitation of actions . . ., as well in the matter of exceptions from the bar fixed by the statute, as in the matter of the actual bar itself, . . ."

This rule was followed without deviation in *Karvalsky* v. *Becker,* 217 Ind. 524, 532, 29 N. E. 2d 560 (1940), where Judge Fansler, speaking for the court, stated:

> "The contract provides that no action on the contract shall be brought after the expiration of one year from the time such action accrues. This provision is void under the statute of Indiana, and the statute of limitations applies. The appellees contend that the law of West Virginia should control the time within which the action is brought, but it is well settled that statutes and rules governing the time in which

actions may be brought affect only the remedy, and that the law of the forum will control."

The above Indiana authority was followed by the U. S. Court of Appeals for the Seventh Circuit, in the application of the Indiana rule, in *Albrecht* v. *Indiana Harbor Belt R. Co.,* 178 F. 2d 577 (7th Cir. 1949).

The Indiana rule is also consistent with the statement of Chief Justice Vinson in *Wells* v. *Simonds Abrasive Co.,* 345 U. S. 514, 73 S. Ct. 856:

"The states are free to adopt such rules of conflict of laws as they choose. *Kryger* v. *Wilson,* 1916, 242 U. S. 171, 37 S. Ct. 34, 61 L. Ed. 229, subject to the Full Faith and Credit Clause and other constitutional restrictions. The Full Faith and Credit Clause does not compel a state to adopt any particular set of rules for conflict of laws; it merely sets certain minimum requirements which each state must observe when asked to apply the law of a sister state.

*Long ago, we held that applying the statute of limitations of the forum to a foreign substantive right did not deny full faith and credit, McElmoyle* v. *Cohen,* 1839, 13 Pet. 312, 10 L. Ed. 177; *Townsend* v. *Jemison,* 1850, 9 How. 407, 13 L. Ed. 194; *Bacon* v. *Howard,* 1857, 20 How. 22, 15 L. Ed. 811. Recently we referred to '. . . the well established principle of conflict to laws that 'If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose.' Restatement, Conflict of Laws, § 603 (1934).' *Order of United Commercial Travelers* v. *Wolfe,* 1947, 331 U. S. 586, 607, 67 S. Ct. 1355, 1365, 91 L. Ed. 1687.

The rule that the limitations of the forum apply (which this Court has said meets the requirements of full faith and credit) is the usual conflicts rule of the states. However, there have been divergent views when a foreign statutory right unknown to the common law has a period limitation included in the section creating the right. The Alabama statute here involved creates such a right and contains a built in limitation. The view is held in some jurisdictions that such a limitation is so intimately connected with the right that it must be enforced in the foreign state along with the substantive right.

We are not concerned with the reasons which have led

some states for their own purposes to adopt the foreign limitation, instead of their own, in such a situation. The question here is whether the Full Faith and Credit Clause compels them to do so. *Our prevailing rule is that the Full Faith and Credit Clause does not compel the forum state to use the period of limitation of a foreign state.* We see no reason in the present situation to graft an exception onto it. Differences based upon whether the foreign right was known to the common law or upon the arrangement of the code of the foreign state are too unsubstantial to form the basis for constitutional distinctions under the Full Faith and Credit Clause." (Emphasis added.)

The Appellant suggests that the application by the Indiana courts of the Indiana statute of limitations should be changed as a result of the much discussed and cited trilogy of New York cases names, namely *Kilberg* v. *Northeast Air Lines, Inc.,* 172 N. E. 2d 526 (1961) ; *Pearson* v. *Northeast Air Lines, Inc.,* 307 F. 2d 131, and 309 F. 2d 553 (2nd Cir. 1962) ; and *Babcock* v. *Jackson,* 191 N. E. 2d 279 (N.Y. 1963). (It is interesting that the exact approach to choice of law problems which the New York Courts adopted in the early 1960's was suggested in 1945 by Judge Richmond in *W. H. Barber Co.* v. *Hughes,* 223 Ind. 570, 63 N. E. 2d 417.)

However, a careful examination of the New York "Center of Gravity" or "Grouping of Contracts" cases are in no way authority to compel the Indiana Courts to "borrow" the Michigan statute of limitations in this case.

Recently, this court stated in *Prudence Life Ins. Co.* v. *Morgan,* 138 Ind. App. 287, 292, 213 N. E. 2d 900 (1966) :

"The rule of law generally followed is that where a cause of action is brought in a state in which the action arose, matters of a substantive nature are governed by the lex loci; that procedural and remedial matters are governed by the law of the forum; and that the law of the forum is applied in order to determine what constitutes matters of substantive law and what constitutes matters of remedy and procedure. Slinkard v. Babb (1953), 125 Ind. App. 76, 82, 112 N. E. (2d) 876; Holtz v. E. J. & E. Ry. (1951), 121 Ind. App. 175, 181, 98 N. E. (2d) 245; Morley

v. Cleveland C. C. & St. L. R.R. (1935), 100 Ind. App. 515, 522, 194 N. E. 806.''

The Appellant has cited absolutely no authority to suggest that in the procedural context of this case the Indiana statute of limitations should not be considered procedural. Without exception the statute of limitations has been considered procedural in Indiana. *Hendricks* v. *Comstock,* 12 Ind. 238 (1859) ; *Sansberry* v. *Hughes,* 174 Ind. 638, 92 N. E. 783 (1910) ; *Karvalsky* v. *Becker, supra; Wilmont* v. *City of South Bend,* 221 Ind. 538, 29 N. E. 2d 649 (1943) ; and *Guthrie* v. *Wilson,* 240 Ind. 188, 162 N. E. 2d 79 (1959).

The Appellant also attempts to rely on *Witherspoon* v. *Salm,* 142 Ind. App. 655, 237 N. E. 2d 116 (1968), but it must be emphasized that our Supreme Court had the last word and on transfer it stated:

"Under our holding in this case the question of what statute of limitations applies and which states, Indiana or Kentucky, substantive law applies are not involved in this case." 243 N. E. 2d 876.

*Witherspoon* is certainly no authority to compel the use of the Michigan statute of limitations in this case.

The Appellant then relies on *Gianni* v. *Fort Wayne Air Service, Inc.,* 342 F. 2d 621 (7th Cir. 1965), which is a short one-half page memorandum opinion. Neither *Gianni* or the case which it cites as its sole authority, *Watts* v. *Pioneer Corn Co., Inc.,* 342 F. 2d 617 (7th Cir. 1965), are authority for the Appellant here. In its simplest form, the court in *Gianni* applied the statute of limitations of the forum state and for our present purposes that is its only significance.

Statutes of limitations are statutes of repose resting upon sound public policy and are generally regarded favorably by the courts. *Craven* v. *Craven,* 181 Ind. 553, 103 N. E. 333, reh. den. 181 Ind. 553, 105 N. E. 41 (1913) ; *High* v. *Board of Commissioners of Shelby Co.,* 92 Ind. 580 (1883) ; *Marshall* v. *Watkins,* 106 Ind. App. 235, 18 N. E. 2d 954 (1938) ; *Hamrick* v. *Indianapolis Humane Soc., Inc.,* 273

F. 2d 7 (7th Cir. 1959), cert. den. 80 S. Ct. 671, 362 U. S. 919, 4 L. Ed. 739; and *Wood* v. *Carpenter*, 101 U. S. 135, 25 L. Ed. 807 (1879).

Recently the Supreme Court of the United States recognized the right of the forum state to enforce its own statute of limitations in a case involving an ambulatory contract on which suit might be brought in one of several states. *Clay* v. *Sun Ins. Office, Ltd.*, 377 U. S. 179, 12 L. Ed. 2d 229, 84 S. Ct. 1197 (1964). See also, *Bournias* v. *Atlantic Maritime Co.*, 220 Fed. 2d 152 (2d Cir. 1955), where Judge Harlan (now Mr. Justice Harlan), in the same vein, stated:

> "In actions where the rights of the parties are grounded upon the law of jurisdictions other than the forum, it is a well-settled conflict-of-laws rule that the forum will apply the foreign substantive law, but will follow its own rules of procedure. Restatement of Conflict of Laws § 585; Beale, Conflict of Laws § 584.1 (1935) ; Stumberg, Conflict of Laws 134 et seq. (2d Ed. 1951). While it might be desirable, in order to eliminate 'forum-shopping,' for the forum to apply the entire foreign law substantive and procedural—or at least as much of the procedural law as might significantly affect the choice of forum, it has been recognized that to do so involves an unreasonable burden on the judicial machinery of the forum, see Restatement of Conflict of Laws, Introductory Note to Chapter 12, and perhaps more significantly, on the local lawyers involved, see Ailes, Substance and Procedure in the Conflict of Laws, 39 Mich. L. Rev. 392, 416 (1941). Consequently, for at least some questions the law applied is that of the forum, with which the lawyers and judges are more familiar, and which can be administered more conveniently. In Levinson v. Deupree, 1953, 345 U. S. 648, 652, 73 S. Ct. 914, 916, 97 L. Ed. 1319, it was said that while a federal admiralty court was bound to enforce a foreign right as it found it, it was 'not bound beyond that to strive for uninformity of results in procedural niceties with the courts of the jurisdiction which originated the obligatio.' . . .

The general rule appears established that for the purpose of deciding whether to apply local law or foreign law, statutes of limitations are classified as 'procedural.' Stumberg, Conflict of Laws 147 (1951) ; Lorenzen, Statutes of Limitation and the Conflict of Laws, 28 Yale L.J.

492 (1919). Hence the law of the forum controls. See Order of United Commercial Travelers v. Wolfe, 1947, 331 U. S. 586, 607, 67 S. Ct. 1355, 91 L. Ed. 1687; Janes v. Sackman Bros. Co., 2 Cir., 1949, 177 F. 2d 928. This rule has been criticized as inconsistent with the rationale expressed above, since the foreign statute, unlike evidentiary and procedural details, is generally readily discovered and applied, and a difference in periods of limitation would often be expected to influence the choice of forum. Lorenzen, supra; Stumberg, op. cit., supra. The rule is in fact and accident of history. Lorenzen, supra; see also Developments in the Law—Statutes of Limitations, 63 Harv. L. Rev. 1177, 1187 (1950). And although it may perhaps be explained as a device for giving effect to strong local policies on limitations, this explanation would not satisfy the objections of its critics. Lorenzen, supra. Be all this as it may, this general rule is firmly embedded in *our law*." (Our emphasis)

In Stumberg's *Conflict of Laws, 3d Ed.*, (1963), at page 146, it is stated:

"The result is that in the absence of a statute to the contrary in most jurisdictions, when the claim is based upon foreign facts, even though the foreign period of limitation has not run, the plaintiff may not recover if the time allowed for suit at the forum has expired."

See also, Ehrenzweig, *Conflict of Laws* (1962), page 435, and Goodrich on *Conflict of Laws,* 4th Ed. by Scotes, pages 153-154. In Ehrenzweig, *Conflicts in a Nutshell* (1965), at page 90, it states:

"In so far as the forum's horter limitation is concerned procedural characterization is indeed general practice and clearly constitutional. (Wells v. Simonds Abrasive Co., 345 U. S. 514, 73 S. Ct. 856 (1953). This can be explained by a tendency to promote definitive settlements of contested issues and the debtor's protection against stale claims."

In the *Restatement of the Law, Second, Conflict of Laws, Proposed Official Draft,* 1967, § 142, it provides:

"(1) An action will not be maintained if it is barred by the statute of limitations of the forum . . ."

The above quoted text writers and authors of the Restatement are certainly not unmindful of the "new look" in conflict of laws and neither are we. Even in the context of the "new" conflict of law rules they recognize the strong policy reasons imbedded in the application of the forum's statute of limitations as so do we. The so-called "center of gravity" theory approved in *Barber* v. *Hughes* and the New York cases cited does not carry over automatically to statute of limitation problems as the Appellant here suggests.

*Jackson* v. *Shuttleworth,* 42 Ill. App. 2d 257, 192 N. E. 2d 217 (1963), cited by Appellee, is squarely in point. In it the accident occurred in Missouri and the plaintiff and two defendants were Illinois residents. Missouri had a five year statute of limitations and Illinois had a two year statute of limitations. The action was filed in Illinois more than two years after the occurrence. In applying the Illinois statute of limitations the court stated:

"Plaintiff's theory is that the law of the State of Missouri should apply. In support of that theory, plaintiff cites a large number of cases dealing with the doctrine commonly called 'comity'. 'Comity' has been defined by the Supreme Court of Illinois, in its legal sense, as neither an absolute obligation on the one hand nor of mere courtesy and good will on the other, but a recognition which one State allows within its territy to the legislative, executive or judicial acts of another State, having due regard both to the interstate duty and convenience and to the rights of its own citizens who are under the protection of its laws. Clubb v. Clubb, 402 Ill. 390, 84 N. E. 2d 366.

Without questioning the rule of 'comity' invoked by the plaintiff, the rule does not reach the precise question involved here and consequently cannot govern. It is true that a number of decisions in the federal courts have held that the statute of the state wherein the cause of action arose is the applicable statute but an examination of those cases discloses that the statutes involved were not strictly statutes of limitation, but were statutes creating the cause of action and limiting the time in which such newly created right might be asserted. Where the right of action depends upon statute and where no such right of action existed at common law, the time for bringing action is determined by the lex loci,

because the lex loci establishes the substantive rights of the parties, and where a limitation is placed upon the assertion of that right, it has been correctly held to be a matter of substantive as distinguished from procedural law. Haefer v. Herndon, D.C., 22 F. Supp. 523.

The Haefer v. Herndon case because of diversity of citizenship was in the District Court of the United States for the Southern District of Illinois. The personal injuries of the plaintiff were sustained in Missouri. The court held that the Illinois statute of limitations and not that of Missouri controlled. Judge Briggle in that case clearly defined the distinction which must govern in this case. In that class of cases where the cause of action is created by statute and a time is fixed within which the cause of action must be asserted the law of the State where the action occurred must govern. Where the cause of action is not created by statute, but is a right under common law, the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations depend upon the law of the forum. The first is a matter of substantive law, the second one is procedural law.

The issue here is not new in Illinois. In the case of Horan v. New Home Sewing Mach. Co., 289 Ill. App. 340, 7 N. E. 2d 401, plaintiff was injured in the State of New York. Suit was brought in Illinois. New York at that time had a three year statute of limitations for suits for personal injuries. Illinois, then as now, had a two year statute of limitations. In that case, as here, more than two years had elapsed before suit was brought. And the court in that case said: 'The statute affects the remedy merely and not the merits of the controversy. It is a statute of repose, and should be construed liberally so that the object for which it was enacted may be attained.' And the court in that case concluded that the Illinois statute of limitations was controlling and that the trial court was not in error in dismissing the complaint.

A very recent case, Wetzel v. Hart, 41 Ill. App. 2d 371, 190 N. E. 2d 619, cited with approval the case of Horan v. New Home Sewing Mach. Co., 289 Ill. App. 340, 7 N. E. 2d 401, and reiterated the doctrine that statutes of limitation are procedural and generally affect only the remedy and not substantive rights.

This case does not fall within that class of cases where the right is created by statute and the limitation is part of the law creating the right. Rather, this is a case where the statute of limitations only affects the remedy, not the right. Here the right of the plaintiff was a common law right.

Having elected to bring her action in Illinois, she must abide by the laws of procedure, the rules of pleading, the rules of evidence and the statute of limitations of Illinois."

See also, *Bernard Food Industries, Inc.* v. *Dietene Co.,* 415 F. 2d 1279, 1282 (7th Cir. 1969).

Much is said in the conflicts field about "forum shopping." In this case the Plaintiff-Appellant and her counsel, for reasons best known to themselves, choose an Indiana forum. It must be presumed they knew of the time limits prescribed in the Indiana and Michigan statutes of limitations. It must also be presumed they knew of the Michigan non-resident motorist act (Michigan Vehicle Code, § 257.403), which is substantially the same as the Indiana non-resident motorist act found in Burns' Indiana Statutes Annotated § 47-1043, by which the Plaintiff-Appellant could have brought her action in a Michigan forum within the time prescribed by the Michigan statute of limitations. The Plaintiff-Appellant chose an Indiana forum in this case and she must abide by the Indiana statute of limitations.

The trial court was correct and should be and hereby is affirmed.

Hoffman, P.J., and White, J., concur; Pfaff, J., not participating.

NOTE.—Reported in 264 N. E. 2d 328.