Karin Sheets HOLDSWORTH, Plaintiff,

v.

**CHESAPEAKE AND OHIO RAILWAY
CO., a Virginia corporation, et al.,
Defendants.**

No. 73 H 262.

United States District Court,
N. D. Indiana,
Hammond Division.

Feb. 8, 1974.

Stephen B. Cohen, Foss, Schuman & Drake, Chicago, Ill., for plaintiff.

Gilbert F. Blackmun, Charles G. Bomberger, Hammond, Ind., Gilbert J. Barrett, Oak Lawn, Ill., John P. McQuillan, Gary, Ind., Brody & Gore, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

This is an action for personal injuries damages based upon alleged diversity of citizenship and originally filed on February 22, 1973. The plaintiff alleges that she was injured in an automobile collision which occurred in Hammond, Indiana on February 24, 1971. As to the defendant, Jack Pratico, the plaintiff asserts a claim based on the Illinois Dram Shop Act which is Section 135, chapter 43 of the Illinois Revised Statutes, Ill.Rev.Stat.1969, c. 43, § 135 which is attached as an Appendix hereto.

The complaint asserts as to the defendant, Jack Pratico, that his agents or servants sold intoxicating liquor to one Gary Dennis Martin which was consumed by said Martin and while intoxicated Martin operated his automobile in a careless and negligent manner, the same being one of the contributing causes to the accident in which the plaintiff sustained injuries in Hammond, Indiana on February 24, 1971.

The defendant, Jack Pratico, has filed his motion for judgment on December 14, 1973. The court will treat the same as a motion to dismiss addressed to the

face of the amended complaint. Counsel for the defendant Pratico attached to said motion a short memorandum citing only Lowrey v. Malkowski, 20 Ill.2d 280, 173 N.E.2d 147, cert. den., 365 U.S. 879, 81 S.Ct. 1029, 6 L.Ed.2d 191 (1960). Said brief is wholly inadequate and fails to address itself to the issues necessary to resolve the legal question raised by the motion of the defendant Pratico. It has therefore been the obligation of the court to pursue independent research on this subject.

It is undisputed that the Illinois Dram Shop Act, above cited, provides that "every action hereunder shall be barred unless commenced within one year next after the cause of action accrued." Ind. Ann.Stat., Section 2–602, IC 1971, 34–1–2–2, provides for a two year statute of limitations for injuries to the person.

In Hobbs v. Firestone Tire & Rubber Co., 195 F.Supp. 56 (D.C.N.D.Ind.1961) Judge Grant stated at page 57:

> "Normally, the above statute of limitations period of two years would be applicable to actions filed both in the Courts of Indiana as well as the Federal District Courts sitting in Indiana. However, Indiana, like most other states, has what is known as a 'borrowing statute' which imposes upon the trial court the duty of applying the statute of limitations of a sister state under certain circumstances. Unlike the borrowing statute of many of its sister states which refer to and make applicable the statute of limitations of the state wherein the injury occurred, the Indiana borrowing statute directs the trial court, in cases where the defendant is a non-resident of Indiana, to apply the statute of limitations of the state where the defendant resides. The Indiana borrowing statute as embodied in Burns' Ann.Stat. § 2–606 (1946 Replacement —1960 Cum.Pocket Supp.) provides as follows:
>
> > '* * * when a cause has been fully barred by the laws of the place

where the defendant resided, such bar shall be the same defense here as though it had arisen in this state: Provided, That the provisions of this section shall be construed to apply only to causes of action arising without this state.'

It is undisputed that the defendant, Firestone Tire & Rubber Co., is a resident of the State of Ohio insofar as the term 'resident' is employed by the statute. It follows that by virtue of section 2–606, this Court is referred to the laws of Ohio to determine whether the instant actions have been barred by the applicable statute of limitations."

The present language of Section 2–606, IC 1971, 34–1–2–6, relevant here is as follows:

> "(b) When a cause of action has arisen without this state against a nonresident defendant, and the defendant does not maintain any agent in the state of Indiana for service of process or other person who, under the laws of this state, could be served with process as agent for the defendant and such cause has been fully barred by the laws both of the place where the defendant resides and of the place where the cause of action arose, such bar shall be a defense here."

■ Applying the quoted provision of § 2–606 there is no doubt that the cause of action of this plaintiff as to the defendant, Jack Pratico, is barred by the laws of the State of Illinois where the defendant admittedly resides. The question is whether or not it is barred by the laws of the place where the cause of action arose. In order to determine where the cause of action arose it is necessary to consider the salient elements of such a claim or cause of action. The salient elements in this statutory cause of action are injuries sustained by an intoxicated person which gives rise to a claim against the person who sells or gives the

alcoholic liquor and thereby causes the intoxication. Therefore, based upon this case at the pleading stage, this court cannot say as a matter of law that the cause of action or claim of the plaintiff against the defendant Pratico arose solely in the State of Illinois. It would appear that some of the elements of said claim or cause of action occurred in Indiana, namely, the alleged negligent conduct of an intoxicated person which resulted in the plaintiff's injury. Therefore, it is impossible for this court to determine on the basis of the pleadings here that it is obligatory under Section 2–606 to borrow the Illinois one year limitations provision contained in the Dram Shop Act.

■ There would also appear to be an alternate bases for the denial of this motion. The Supreme Court of the United States in Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), held that a state statute of limitations must be applied by a federal court in a diversity case even though the statute of limitations may be regarded as procedural for some other purposes in order to insure that "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determining the outcome of litigation, as it would be if tried in a State court". 326 U.S. at page 109, 65 S. Ct. at page 1470. See also, Wright, Federal Courts, 2d Ed., Section 59, pages 241–246. It is correct that the Appellate Court of Indiana has labeled the Indiana statute of limitations as procedural. See Horvath v. Davidson, 148 Ind.App. 203, 264 N.E.2d 328 (1970). It will be readily apparent that the defendant in *Hovarth* was a resident of Indiana and Section 2–606 did not apply in that case. However, *Hovarth* is relevant in this case when considered in the light of the mandate of the Supreme Court of the United States in *Guaranty Trust*.

Therefore, on either basis the motion of the defendant Pratico should be and hereby is denied.

APPENDIX

§ 135. Actions for damages caused by intoxication — Lessor's liability — Forfeiture of lease—Maximum recovery—Limitations

Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person. Any person owning, renting, leasing or permitting the occupation of any building or premises with knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused the intoxication of any person, shall be liable, severally or jointly, with the person selling or giving the liquors. However, if such building or premises belong to a minor or other person under guardianship or conservatorship the guardian or conservator of such person shall be held liable instead of the ward. A married woman has the same right to bring suit and to control it and ·the amount recovered as a feme sole. All damages recovered by a minor under this Act shall be paid either to the minor, or to his parent, guardian or next friend as the court shall direct. The unlawful sale or gift of alcoholic liquor works a forfeiture of all rights of the lessee or tenant under any lease or contract of rent upon the premises where the unlawful sale or gift takes place. All suits for damages under this Act may be by any appropriate action in any of the courts of this State having competent jurisdiction. An action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication habitual or otherwise of any person resulting as aforesaid. The action, if the person from whom support was furnished is living, shall be brought by any person injured in means of support in his name

**356**

for his benefit and the benefit of all other persons injured in means of support. However, any person claiming to be injured in means of support and not included in any suit brought hereunder may join by motion made within the times herein provided for bringing such action or the personal representative of the deceased person from whom such support was furnished may so join. In every such action the jury shall determine the amount of damages to be recovered without regard to and with no special instructions as to the dollar limits on recovery imposed by this Section. The amount recovered in every such action is for the exclusive benefit of the person injured in loss of support and shall be distributed to such persons in the proportions determined by the judgment or verdict rendered in the action. If the right of action is settled by agreement with the personal representative of a deceased person from whom support was furnished, the court having jurisdiction of the estate of the deceased person shall distribute the amount of the settlement to the person injured in loss of support in the proportion, as determined by the Court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person. In no event shall the judgment or recovery under this Act for injury to the person or to the property of any person as aforesaid exceed $15,000, and recovery under this Act for loss of means of support resulting from the death or injury of any person, as aforesaid, shall not exceed $15,000 for each person so injured where such injury occurred prior to July 1, 1956, and not exceeding $20,000 for each person so injured after July 1, 1956. Every action hereunder shall be barred unless commenced within one year next after the cause of action accrued.

As amended 1949, Aug. 10, Laws 1949, p. 816, § 1; 1955, July 14, Laws 1955, p. 1961, § 1; 1959, July 8, Laws 1959, p. 597, § 1; 1959, July 15, Laws 1959, p.

1075, § 1; 1963, Aug. 23, Laws 1963, p. 3324, § 1; 1965, Aug. 2, Laws 1965, p. 2217, § 1; 1967, Aug. 7, Laws 1967, p. 2701, § 1; P.A. 77–1186, § 1, eff. Aug. 19, 1971.