**Jack C. HAIRE, Plaintiff,**

v.

**Michael A. MILLER and F. W. Richards, Inc., Defendants.**

**No. GC 77–30–S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Sept. 30, 1977.

Timothy W. Pace, Pogue, Pace & Haley, Aberdeen, Miss., Michael Tosick, Ging, Free, Brand, Tosick & Van Winkle, Greenfield, Ind., for plaintiff.

Ralph Holland, Lumpkin, Holland, Ray & Upchurch, Tupelo, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiff Jack C. Haire brings this action seeking damages for injuries he received when his automobile was involved in an accident with a vehicle owned by defendant F. W. Richards, Inc. (Company) and operated by its employee, defendant Michael A. Miller (Miller). Plaintiff claims defendants' negligence caused the accident. The complaint states that plaintiff is a Mississippi citizen, that Miller is a citizen of Indiana and that the Company is incorporated under the laws of Indiana and has its principal place of business in that state. Although not specifically alleged jurisdiction is apparently invoked under 28 U.S.C. § 1332 on the basis of diversity of citizenship. According to the complaint the accident occurred on or about August 14, 1973. This action was commenced on March 15, 1977, more than 3½ years after the accident occurred.

The defendants have moved to dismiss for lack of personal jurisdiction. Plaintiff has moved to transfer the case to Indiana under authority of 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a).

### I. *Motion to Dismiss.*

The defendants have moved to dismiss and to quash service of process because they argue that this court has no personal jurisdiction over them. Defendants have filed affidavits supporting the motion and have submitted a memorandum to the court. Plaintiff has not filed counter-affidavits and has not submitted a reply memorandum.

Whether this court has personal jurisdiction over the defendants in this diversity action will depend upon whether they come within the grasp of Mississippi's long-arm statute, Miss.Code Ann. § 13–3–57

(1972). The affidavits of defendant Miller and Leland Richards, Vice-President of the defendant Company, state that neither of the defendants is qualified to do business, is doing business, or has ever done business in Mississippi; that neither has committed a tort in Mississippi; that neither has entered into a contract with a resident of Mississippi to be performed in whole or in part in Mississippi and that neither has done any other act subjecting them to the jurisdiction of this court through the use of § 13–3–57. Nothing in the record contradicts defendants' affidavits. Since the record does not show that defendants had sufficient contact with Mississippi to subject them to the reach of Mississippi's long-arm statute, the court concludes that the process served upon them is not effective thereby depriving this court of personal jurisdiction over the defendants.

The court's ruling that it lacks personal jurisdiction over the defendants does not automatically moot plaintiff's motion to transfer. A court having subject matter jurisdiction, as this court does, but lacking personal jurisdiction over the defendant, still has authority under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) to order a transfer to another district. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (transfer under section 1406(a)); *Koehring Co. v. Hyde Construction Co.,* 324 F.2d 295, 297–98 (5th Cir. 1963) (transfer under section 1404(a)).

### II. *Motion to Transfer.*

The motion seeks a transfer of this case to the United States District Court in the Southern District of Indiana. Plaintiff claims that the Southern District of Indiana is a district where he could have originally brought this action and that it is the most convenient forum for the defendants and the witnesses who all reside in Indiana. Noting that the site of the accident is within the Southern District of Indiana, plaintiff concludes that the interest of justice would be best served by a transfer to Indiana. Implicit in plaintiff's statement that

he could have brought this action in Indiana is the argument that defendants would be subject to service of process in Indiana and that the interest of justice requires this court to transfer this case to Indiana rather than dismiss it for lack of personal jurisdiction over the defendants.

Plaintiff cites 28 U.S.C. § 1404(a)[1] and 28 U.S.C. § 1406(a)[2] as authorizing the transfer of this case to Indiana. Both sections permit a court to transfer a case from one district to another but each appears to operate under different circumstances. Plaintiff's argument does not distinguish between the sections so before considering the merits of plaintiff's motion the court will determine whether one or both sections apply to the facts of this case.

### A. Do both sections apply?

"Although both sections were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege." *Van Dusen v. Barrack*, 376 U.S. 612, 634, 84 S.Ct. 805, 818, 11 L.Ed.2d 945 (1964) (footnote omitted). Describing the conditions under which § 1404(a) operates, the authors in 1 *Moore's Federal Practice* ¶ 0.145 [3.–1] at 1584 (2d ed. 1977) state:

As a general proposition, § 1404(a) presupposes at least two districts where venue is technically correct and authorizes transfer from one forum where venue is proper to another forum where it is proper if the court determines that such transfer is "for the convenience of parties and witnesses, in the interest of justice." (footnote omitted).

*See* Annot. 7 A.L.R.Fed. 35 (1971). Section 1406(a), on the other hand, applies to cases "laying venue in the wrong division or district" and provides the district court with the discretionary authority to transfer or dismiss the action as the "interest of justice" requires. "The problem which gave rise to the enactment of [§ 1406(a)] was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962).

Venue in this case is determined by 28 U.S.C. § 1391(a) which provides:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

For this case venue is proper in either Mississippi, where the plaintiff resides, or in Indiana, where all the defendants reside[3] and where the accident occurred. At first glance only § 1404(a) appears to be applicable because the court is confronted with a situation where venue is technically correct in both forums although personal jurisdiction over the defendants is not available in Mississippi. *Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295 (5th Cir. 1963) (diversity action transferred under § 1404(a) from Mississippi where plaintiff resided, to Oklahoma where cause of action arose even though district court in Mississippi lacked in personam jurisdiction over defendant). However, in *Dubin v. United States*, 380 F.2d 813 (5th Cir. 1967) the court was confronted with facts similar to those in *Koehring* and this case and held that transfer under § 1406(a) was authorized. In *Dubin*, the United States had filed

---

**1.** Section 1404(a) reads:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**2.** Section 1406(a) reads:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

**3.** Pursuant to 28 U.S.C. § 1391(c), the Company's resident for venue purposes is Indiana.

suit in Ohio to collect taxes. Later when the government discovered it could not get personal jurisdiction over the defendant in Ohio, it moved under § 1406(a) to transfer the action to Florida. Since venue, as determined by 28 U.S.C. § 1396 was proper in Ohio and Florida the defendant argued that § 1406(a) did not authorize transfer to Florida. The court disagreed:

> Looking to the language of § 1406, the statute is couched in terms of 'laying venue in the wrong division or district.' The statute does not refer to 'wrong' venue, but rather to venue laid in a 'wrong division or district.' We conclude that a district is 'wrong' within the meaning of § 1406 whenever there exists an 'obstacle [to] . . . an expeditious and orderly adjudication' on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle.

380 F.2d at 815.

Since the plaintiff in this case is unable to obtain personal jurisdiction over defendants, under the *Dubin* holding he has placed venue in the "wrong" district and may rely on § 1406(a) to request a transfer to another district.[4]

■ In summary, pursuant to the rulings in *Koehring* and *Dubin*, the plaintiff may rely on § 1404(a) and § 1406(a) to request a transfer to another district.

**B. Defendants' argument.**

Defendants present several arguments opposing the transfer to Indiana. The court finds one argument dispositive of the motion and will not address the other contentions.[5] Defendants claim that transfer to Indiana is not in the interest of justice because upon transfer, the Indiana district court will find the action barred by the applicable statute of limitation and will order the action dismissed. Before examining this argument the court will review the Mississippi and Indiana limitation period for this cause of action.

**C. Statute of Limitations.[6]**

In Mississippi an action for personal injuries such as those alleged here must "be commenced within six years next after the cause of such action accrued, and not after." Miss.Code Ann. § 15–1–49 (1972).[7] *See Graham v. Red Ball Motor Freight, Inc.,* 262 F.Supp. 49, 51 (N.D.Miss.1966). "As a rule, Mississippi treats statutes of limitation as procedural; and in keeping with the accepted practice of applying procedural rules of the forum state irrespective of the choice of substantive law, the state courts generally enforce Mississippi's limitation periods and not those of foreign jurisdiction." *Cummings v. Cowan,* 390 F.Supp.

---

4. Messrs. Wright, Miller and Cooper in their treatise agree with the result reached in *Dubin* but argue the rationale and statute relied upon are wrong.

> [T]he correct way to achieve this result is to apply the Goldlawr principle [i. e., a court without personal jurisdiction over the defendants still has authority to transfer under § 1406(a)] by analogy to transfers under 28 U.S.C. § 1404(a). . . . [S]uch statements as "venue is 'wrong' in this district in the sense that litigation may not proceed because of absence of personal jurisdiction over the defendant" blur the very different concepts of venue and of personal jurisdiction.

15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure, § 3827 at 171, 172 (1976) (footnote omitted).

5. The arguments made by defendants but not considered by the court are: (1) that a plaintiff may seek a transfer only if he has shown that a

change in circumstances warrant the transfer and plaintiff Haire has made no such showing; and (2) that plaintiff's claim that Indiana is the more convenient forum is supported by only conclusory allegations and not by specific facts and therefore plaintiff has not met his burden of proof.

6. The court's discussion of limitation periods deals only with a statute of limitation for a right of action known at common law. This is not a case where the limitation period is part of a statutorily created right-of-action. *See Horvath v. Davidson,* 148 Ind.App. 203, 264 N.E.2d 328, 334–35 (Ct.App.1970); *Evans v. Broadhead,* 233 So.2d 771, 773–75 (Miss.1970).

7. The statute reads in full:

> All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.

1251, 1254 (N.D.Miss.1975). Even assuming, without deciding, that a Mississippi court trying this case would apply Indiana substantive law under the center-of-gravity or most substantial relationship rule adopted in *Mitchell v. Craft*, 211 So.2d 509 (Miss. 1968), this court finds that the Mississippi court would still apply Mississippi's limitation period, *see Vick v. Cochran*, 316 So.2d 242, 246 (Miss.1975), and this *Erie*[8]-bound federal district court must do the same. Since this action was commenced in this court within 6 years of the alleged accident, the action is timely as far as Mississippi is concerned.

In Indiana an action for personal injuries must be brought within 2 years of the cause of action. Ind.Ann.Stat. § 34–1–2–2 (Burns 1973).[9] As in Mississippi, the Indiana courts generally consider statute of limitations as procedural and governed by the law of the forum, *Horvath v. Davidson*, 148 Ind.App. 203, 264 N.E.2d 328, 330–32 (Ct.App.1970), even when applying the substantive law of another jurisdiction. *See Horvath v. Davidson, supra; Prudence Life Insurance Co. v. Morgan*, 138 Ind.App. 287, 213 N.E.2d 900, 904 (Ct.App.1966). If this action had been originally filed on March 15, 1977, in Indiana, in a state court or an *Erie*-bound federal district court, that court would find § 34–1–2–2 controlling even if Mississippi's substantive law was applied and would rule the action time-barred since it was commenced more than 2 years after the accident occurred.

Having determined that plaintiff may rely on § 1404(a) and § 1406(a) to request a transfer and having reviewed the applicable statute of limitations in Mississippi and Indiana, the court now examines the merits of the parties' arguments on the request to transfer under each section.

**D. Transfer Under Section 1404(a).**

■ Although the defendant is usually the one who seeks a § 1404(a) transfer since the plaintiff selects the forum when commencing the action, 1 *Moore's Federal Practice* ¶ 0.145[4.–2] at 1597 (2d ed. 1977), the statute does not specifically preclude a plaintiff from requesting a transfer. The courts have generally held that "[t]he right to a transfer under the statute is available to a plaintiff as well as a defendant [and a] plaintiff is not bound by his choice of forums, if he later discovers there are good reasons for transfer." *Philip Carey Manufacturing Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir.), *cert. denied*, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961); *e. g. James v. Daley & Lewis*, 406 F.Supp. 645, 648 (D.Del. 1976); *Norfolk Shipbuilding & Drydock Corp. v. Motor Yacht La Belle Simone*, 371 F.Supp. 985 (D.P.R.1973) (See cases collected at 371 F.Supp. 988).

In *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the court held that when a *defendant* seeks a transfer under section 1404(a) "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Id.* at 639, 84 S.Ct. at 821 (footnote omitted). The court in *Van Dusen* did not consider what law applies when a plaintiff seeks a § 1404(a) transfer, *Id.* at 640, 84 S.Ct. 805, but the treatise authors suggest that the law of the forum of the transferee court should apply when a plaintiff seeks a § 1404(a) transfer under facts such as those existing in this case.[10] This court need not decide this case

---

**8.** *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**9.** The statute reads in applicable part:

 Sec. 2. The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

 First. For injuries to person or character, for injuries to personal property, and for a

forfeiture of penalty given by statute, within two (2) years . . . .

**10.** The authors in *Moore's Federal Practice* write:

 When the venue is proper in the transferor district and service can be obtained there, there appears to be no technical reason why the transfer might not be made, and whatever dissembling is involved in seeking both the most favorable law and the most convenient

on the basis of these authorities because under the holding of *Parham v. Edwards*, 346 F.Supp. 968 (S.D.Ga.1972), *aff'd*, 470 F.2d 1000 (5th Cir. 1973) (per curiam) a transfer to Indiana is not warranted.

In *Parham* the plaintiffs were from Georgia, the defendants were from Alabama, and the cause of action, an automobile accident, occurred in 1970 in Georgia. Alabama had a 1 year statute of limitation while Georgia's limitation period was for 2 years. Plaintiffs filed identical suits in a federal district court in Alabama and in a federal district court in Georgia more than 1 year after the accident.

The defendants moved for dismissal claiming the court lacked personal jurisdiction over them while the plaintiffs asked the court to transfer the case to Alabama under 28 U.S.C. § 1404(a). The court found that it lacked personal jurisdiction over the defendants and then examined plaintiffs' motion to transfer.

Although the court did not specifically hold that *Van Dusen* controlled [11] the court clearly believed that if the case was transferred, the Georgia statute of limitations would be applied by the Alabama court.[12] After reviewing the facts and law the court concluded:

> I realize that change of venue has been permitted by some courts where actions were erroneously brought in a district

and where failure to transfer would prevent adjudication of the merits because the statute of limitations would bar a new action in the proper jurisdiction. *Founds v. Shedaker*, D.C., 278 F.Supp. 32; *Choryak v. Petrick*, D.C., 213 F.Supp. 729.

> However, I do not think that justice or judicial discretion requires transfer of a diversity action from a district where a limitation period favorable to plaintiff but no personal jurisdiction over defendants exists to a district in another state in which service has been obtained in a similar suit but under the law of such state the action is barred.

346 F.Supp. at 973.

■ Although a suit identical to this case has not been filed in Indiana, the court finds the reasoning of *Parham* controlling. The request to transfer under § 1404(a) will be denied.

**E. Transfer Under § 1406(a).**

■ Plaintiff's motion to transfer fares no better under 28 U.S.C. § 1406(a) than did his transfer request under § 1404(a). "[N]ormally the substantive law of the transferee state should apply to cases transferred under § 1406(a). . . ." 1 *Moore's Federal Practice* ¶ 0.145[4.–5] at 1613 (2d ed. 1977). The limitation period to be applied is also that of the transferee

> forum, the plaintiff does not seek the application of the law of a state that he could not obtain. In such a case, then, it appears that the *Van Dusen* rule should apply after such a transfer, though in weighing the "interests of justice" a court might be reluctant to give much weight to plaintiff's convenience.
>
> When the venue in the district in which the action is brought is proper, but service of process cannot be had there, different considerations apply. In such a situation plaintiff could not maintain his action in the district in which he filed it, and therefore could not take advantage of the law governing that district, since he could not obtain jurisdiction of the defendant. Therefore he should not be permitted to file his action there for the purpose of capturing the law of that jurisdiction for transportation to the jurisdiction in which service can be obtained.
>
> 1 Moore's Federal Practice ¶ 0.145[4.–5] at 1608–09 (2nd ed. 1977).

The authors in *Federal Practice and Procedure* don't distinguish between cases where personal jurisdiction is or is not available and suggest that in all cases "the law of the transferee state should control," 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3846 at 234 (1976), a position also adopted by the American Law Institute, Study of Division of Jurisdiction between State and Federal Courts, quoted in part at § 3846 at 234 n. 21.

11. *See* 346 F.Supp. at 972 & n.8.

12. The court noted:

> What [plaintiffs] seek to do here is to obtain a transfer of the case to Alabama where service can be properly made. Since the Georgia statute of limitations governs the transferred action, the result would be that plaintiffs will have the advantage of the longer period of limitations as well as means of perfecting service.
>
> 346 F.Supp. at 971.

**64**

forum. *See Sargent v. Genesco, Inc.,* 352 F.Supp. 66, 75–77 (M.D.Fla.1972), *aff'd in part rev'd in part on other grounds and remanded,* 492 F.2d 750 (5th Cir. 1974); *Bealle v. Nyden's Inc.,* 245 F.Supp. 86, 89–92(D.Conn.1965); Annot. 3 A.L.R.Fed. 529 (1970). If this case were transferred to Indiana, the court there would apply the 2-year limitation period of Ind.Ann.Stat. § 34-1-2-2 (Burns 1973). Since the action in Indiana is barred, and was barred on the date the complaint was filed in this case, the court finds that the interest of justice is not served by transfer. *Viaggio v. Field,* 177 F.Supp. 643 (D.Md.1959); 1 *Moore's Federal Practice* ¶ 0.146[5] at 1666 (2d ed. 1977); Annot. 3 A.L.R.Fed. 523 (1970).[13]

In summary, the motion to transfer whether it be considered as being under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) is not well taken and will be denied and the motion to dismiss for lack of personal jurisdiction will be sustained.

An appropriate order will be entered.

---

13. Had this been a case where the action had been filed in Mississippi prior to the running of the Indiana statute of limitations, then the interest of justice might dictate a different result. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Smith v. Peters,*

482 F.2d 799 (6th Cir. 1973), *cert. denied,* 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 886 (1974); *Kaiser v. Mayo Clinic,* 260 F.Supp. 900 (D.Minn.1966), *aff'd,* 383 F.2d 653 (8th Cir. 1967).